UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CANTON)

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 22-BK-60937 |
| | ) | |
| JUDY A. LONGACRE | ) | |
| | ) | CHAPTER 7 |
| Debtor | ) | |
| | ) | |
| | ) | JUDGE: WHIPPLE |

## MOTION TO COMPEL ABANDONMENT (§6007(b))

Now comes Debtor, Judy A. Longacre, who humbly Moves this Court for an Order instructing the Trustee to abandon interest in a lone TD Ameritrade brokerage account (x5508) as it relates to the exempted interests under Ohio Revised Code §2329.66(A)(10)(b). This account is absolutely necessary for the ongoing financial survival of the 83-year-old debtor, who will be placed in immediate financial peril if this account is surrendered to the trustee (Document #21). A Memorandum in Support of this Motion is attached.

Respectfully submitted,

\_\_\_\_\_/s/Mark Graziani_____
Mark F. Graziani #0092927
Graziani Law, LLC
P.O. Box 1158
Norton, OH 44203
(330) 571-3350 (cell)
mark_graziani@yahoo.com

Attorney for Judy Longacre

1

MEMORANDUM IN SUPPORT

**Relevant Facts:**

1. In the 1980s, Judi Longacre worked for a subsidiary of Pfizer.

2. During her employment there, she was given the opportunity to purchase Pfizer stock.

3. Because it was so long ago, Judi Longacre does not remember how the stock was purchased or of what form the investment originally consisted. It was likely purchased with personal earnings/payroll deductions, but the memory of the event has faded over the decades.

4. Years later, Judi Longacre converted the stock into its current form, a TD Ameritrade brokerage account ending in 5508. The current (Sept. 2022) value of this account is $30,398.17.

5. Judi Longacre is now 83 years old, and lives a very meager life. She has no assets, except the TD Ameritrade brokerage account, her house at 265 Cordelia Street SW, and her 2006 Saturn Ion (106a/b).

6. She currently has a sizeable mortgage on Cordelia Street ($106,389.00) (106d) and not much equity. Her 16-year-old Ion is worth $3,685.00.

7. Judi Longacre has lived like a pauper for many years. Her only monthly influx of money is $1,721.00 in Social Security and an occasional few dollars earned via dog-sitting (106i). Based upon her current monthly bills (106j), she cannot live on $1,721.00 a month and would immediately start falling behind on her obligations, unless she had an additional source of money. The sole TD Ameritrade account fills this role as financial life support for her.

8. Judi Longacre's only chance at financial survival is to desperately rely on her TD Ameritrade account for a supplemental $150 a month. Without this $150 a month, she cannot survive (106i, 106sum). She is wholly unprepared for any financial calamity (e.g. tires on her car, furnace repairs, unreimbursed medical bills, leaky roof, etc.) and depends on the safety of the TD Ameritrade account to provide for her unexpected bills in lieu of taking on debt she knows she cannot repay.

9. Without this TD Ameritrade account, she will immediately beginning falling behind on her bills and will likely end up in foreclosure in a few months. She will be tempted to take on debt with no present or future ability to repay the obligation. She has no family and cannot move into an apartment, because rents are considerably higher than her current mortgage payment. She has no place to go. She is financially and permanently stuck, and will be for the rest of her life.

10. When asked about her financial plans for the future, her answer was, "To die before I run out of money."

1l. Now, the trustee wants the turnover of the entire TD Ameritrade account, dooming Judi Longacre to financial destitution for the remainder of her life. To turn this account over to the trustee will truly mean Judi Longacre has now "run out of money" while she is still alive – the thing she fears most and creating an existence too horrible to face.

12. Judi Longacre believes this brokerage account is shielded by the language in ORC §2329.66(A)(10)(b) and relevant case law, but the trustee believes the brokerage account is not exempt and is available for seizure.

13. Pursuant to the language in (A)(10)(b), and Bankruptcy Code §6007, Judi Longacre humbly requests this Court for an Order compelling the trustee to abandon interest in the TD Ameritrade account as being absolutely and vitally necessary for the support of the person, as stated in (A)(10)(b).

**Analysis:**

14. "The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor." Marrama v. Citizens Bank of Mass., 549 U.S. 365, 367 (2007). Moreover, "Exemptions further this policy goal by allowing a debtor to protect property which is **necessary for the survival of both the debtor and the debtor's family**." In re Schramm, 431 B.R. 397, 400 (ND of Ohio, 2010) [Emphasis added].

15. "As such, exemptions are to be construed liberally in favor of the debtor." Id. A bankruptcy should not place an elderly debtor in a worse financial position than before the filing. To do so would be counter to Congress's intent in giving debtors a "fresh start."

16. "Although both pensions and Social Security benefits differ from a retirement account in that they are intended to cover day-to-day expenses, they are also frequently the only source of income 'to protect a debtor from becoming a public charge'." In re Greer, 2016 Bankr. Lexis 2933, at ¶8 (ND of Ohio, 2016).

17. With the loss of this TD Ameritrade account, Judi Longacre will certainly face foreclosure and will become a public charge, because there is no viable scenario for her to financially survive with no other income and no family on which to rely.

18. ORC §2329.66(A)(10)(b) states:

> Exempted Interests: Except as provided in sections 3119.80, 3119.81, 3121.02, 3121.03, and 3123.06 of the Revised Code [not applicable here], the person's rights to receive or interests in receiving a payment or other benefits under any pension, annuity, or similar plan or contract, not including a payment or benefit from a stock bonus or profit-sharing plan or a payment included in division (A)(6)(b) or (10)(a) of this section, on account of illness, disability, death, age, or length of service, **to the extent reasonably necessary for the support of the person and any of the person's dependents**, except if all the following apply [none applicable here]: [Emphasis added].

19. Indeed, *this very court* discussed annuity payments as becoming exempt when necessary for the survival of the debtor:

> "Therefore, regardless of the size of the annuity payments, they are only exempt to the extent that the debtor and her dependents truly need the payments for their support." In re Jadud, 2012 Bankr. Lexis 4723, at ¶17 (ND of Ohio, 2012).

Here, Judi Longacre truly needs the $150 per month brokerage payment for her own support. Unfortunately for her, her existence will not survive without it.

20. "Bankruptcy courts in Ohio have consistently concluded, and this court agrees, that payments referred to under §2329.66(A)(10)(b) are payments that are intended to provide income that substitutes

4

for wages. See, e.g., In re Rhinebolt, 131 B.R. 973, 977 (Bankr. S.D. Ohio 1991)." In re Rempe, 2016 Bankr. Lexis 1114, at ¶8 (ND of Ohio, 2016). Judi Longacre's $150 per month income, as derived from this brokerage account, is a payment substituting for wages in order for her to survive each month.

21. This $150 a month payment constitutes future, maintenance earnings for Judi Longacre, necessary to meet her monthly bills:

> United States Bankruptcy Code § 522(d)(10)(E). The House Report on that section states:
>
> "Paragraph (10) exempts certain benefits that are akin to future earnings of the debtor. These include social security, unemployment compensation, or public assistance benefits, veteran's benefits, disability, illness, or unemployment benefits, alimony, support, or **separate maintenance (but only to the extent reasonably necessary for the support of the debtor and any dependents of the debtor)**, and benefits under a certain stock bonus, pension, profitsharing, annuity, or similar plan based on illness, disability, death, age or length of service. H.R. Rep. No. 595, 95th Cong., 1st Sess. 362 (1977), reprinted in 1978 U.S. Code Cong. & Ad. News, 5787, 6318." In re Fichter, 45 B.R. 534, at ¶537 (ND of Ohio, 1984).

The only meager earning this 83-year-old debtor has is the $150 a month derived from the TD Ameritrade brokerage account which, hopefully, will last longer than she will.

22. This Court has wide latitude to interpret the present and future needs of a debtor with regard to exempting an interest that is not normally exempt:

> "In determining whether [the debtor] may exempt a portion of the pension plan as reasonably necessary for the support of himself and his spouse, the court may consider not only [the debtor's] present income but also [her] anticipated future income. See Matter of Kochell, 31 B.R. 139, 140 (W.D. Wisc. 1983), [*548] aff'd, 732 F.2d 564 (7th Cir. 1984) (record discloses no evidence that funds are necessary for Debtor's needs, either immediate or future);
>
> In Re Flygstad, 56 B.R. 884, 889 (Bkrtcy. N.D. Iowa 1986) (court will look to Debtor's present and future needs as demonstrated by particular circumstances of each case);
>
> In Matter of Pettit, 55 B.R. 394, 398-99 (Bkrtcy. S.D. Iowa 1985), aff'd, 57 B.R. 362 (S.D. Iowa 1985) (court generally includes future needs of Debtor in determining what is reasonably necessary as well as Debtor's existing income and other exempt property);
>
> In Re Bari, 43 B.R. 253, 256 (Bkrtcy. D. Minn. 1984) (it is appropriate to look at future retirement needs to determine amount of exemption);

> In Re Miller, 33 B.R. 549, 11 B.C.D. 85, 9 C.B.C.2d 496 (Bkrtcy. D. Minn. 1983) (congress intended that court look to Debtor's future needs as well as Debtor's current needs);

Each as cited by In re Hotchkiss, 93 B.R. 546, 547-548 (ND of Ohio, 1988). Judi Longacre desperately needs these TD Ameritrade funds as she moves into her mid-80s and faces the bleak future of 9% inflation, rising food and fuel costs, mortgage insurance and property tax increases, and the aging of her 74-year-old house and 16-year-old vehicle.

23. For the above reasons, Debtor Judi Longacre humbly requests this court for an Order to Compel the Abandonment of the Debtor's TD Ameritrade brokerage account. This account is vital to the financial survival and support of Judi Longacre as she faces the final years of her life without any financial alternatives.

Respectfully Submitted,

/s/Mark Graziani
Mark F. Graziani #0092927
Graziani Law, LLC
P.O. Box 1158
Norton, OH 44203
(330) 571-3350 (cell)
mark_graziani@yahoo.com

Attorney for Judi Longacre