IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE<br><br>JUDITH A LONGACRE<br><br>Debtor. | CASE NO 22-60937-MAW<br><br>CHAPTER 7<br><br>CHIEF JUDGE MARY ANN WHIPPLE |

**OBJECTION TO MOTION TO COMPEL ABANDONMENT (6007(B))**

Now comes Anthony J. DeGirolamo, the duly appointed Chapter 7 Trustee in the above-captioned case (the "Trustee") and hereby objects to the Debtor's Motion to Compel Abandonment (6007(b)) (the "Motion") (Doc. No. 25). For his objection, Trustee states as follows:

1. The Debtor listed on the Schedule of Personal Property at question 18 "Bonds, mutual funds, or publicly traded stocks" an AlphaStar Capital account with a value of $30,844.64 (the "Property"). On Schedule C, an exemption of 100% of the fair market value of the Property, up to any applicable statutory limit was claimed in in the Property under Ohio Revised Code §2329.66(A)(3). The allowable limit under Ohio law for a §2329.66(A)(3) exemption (cash exemption) is $550.00.

2. The Debtor argues that the Property is necessary for her to continue to pay her bills and refers to Ohio Revised Code § 2329.66(A)(10)(b) to argue that the Property is exempt.

The Debtor did not schedule the Property as a "pension, annuity, or similar plan or contract, not including a payment or benefit from a stock bonus or profit -sharing plan" as required by § 2329.66(A)(10)(b). The Debtor further states that the Property was stock purchased while employed but has no other recollection of how it was purchased.

3. While the Trustee is sympathetic to the Debtor's situation and cash needs, the Trustee is a fiduciary for her creditors. That the Debtor chose to file a chapter 7 bankruptcy and put the Property at risk may be unfortunate, but the Trustee must act in the best interest of the creditors.

4. For the reasons stated above, the Property is property that the Trustee can use to pay creditors in this case which is not exempt.

WHEREFORE, for the reasons stated above, the Trustee respectfully requests that the Court deny the Debtor's Motion and granting any other and further relief that the Court deems just and proper.

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
3930 Fulton Dr N.W., Suite 100B
Canton, OH 44718
Telephone: (330) 305-9700
Facsimile: (330) 305-9713
E-mail: tony@ajdlaw7-11.com

CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2022, a copy of the foregoing Objection was electronically transmitted via the Court's CM/ECF system to those listed on the Court's Electronic Mail Notice list:

- **Anthony J. DeGirolamo, Trustee - Canton**   tony@ajdlaw7-11.com, amber@ajdlaw7-11.com;ad@trustesolutions.com;AD07@trustesolutions.net
- **Mark Franklin Graziani**   mark_graziani@yahoo.com
- **Matthew Murtland**   mmurtland@logs.com, LOGSECF@logs.com
- **United States Trustee**   (Registered address)@usdoj.gov

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo

The undersigned hereby certifies that a copy of the foregoing Objection was served via regular U.S. Mail, postage prepaid, upon those listed below, this 21st day of November, 2022.

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo

Judith A. Longacre
265 Cordelia Street SW
North Canton, Ohio 44720